[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Thom Serrani, a former mayor of Stamford, against the defendant, Board of Ethics of the city of Stamford, which issued a report critical of the former mayor's actions with regard to the purchase of emergency or "911" communications equipment. Thereafter, the defendant Board filed its answer to the complaint, as well as a special defense that the plaintiff did not have the right to an administrative appeal of its decision.
The matter was placed, on the administrative appeals calendar, Practice Book 254(3), and at a calendar call on March 17, 1993, scheduling orders were issued relative to the filing of the record on appeal, as well as briefs by the parties. The defendant has filed a motion (#111) to vacate these orders on the ground that this action by the plaintiff is not an "administrative appeal."
Administrative appeals are defined by Practice Book 255 as those taken "pursuant to statute," or "other enabling legislation." The statute authorizing the establishment of a municipal board of ethics is General Statutes 7-148h, which does not refer to a right of appeal. The defendant Board of Ethics was created in Stamford by Ordinance 445, which again does not afford a right to appeal. Practice Book 255 also describe administrative appeals as appeals taken pursuant to the Uniform Administrative Appeals Act from decisions of state agencies, and zoning and planning decisions.
It therefore appears that the defendant Board is correct that this action is not an administrative appeal as defined by Practice Book 255. It follows that the case should not have appeared on the administrative CT Page 6787 appeals calendar, and according the scheduling orders issued at that call are vacated. The case is returned to plea and motion status.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of July, 1993.
William B. Lewis, Judge